| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

LESTER THOMAS BUTCHER, §
§
    Petitioner, §
§
*versus* §   CIVIL ACTION NO. 9:22-CV-96
§
DIRECTOR, TDCJ-ID, §
§
    Respondent. §

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Lester Thomas Butcher, through counsel, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a conviction for capital murder. The court previously referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of the court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be denied.

The court has received the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo review* of the objections in relation to the pleadings and the applicable law.

Petitioner asserts five grounds for review, all of which are based on ineffective assistance of counsel: (1) failure to object to evidence of petitioner's criminal history; (2) failure to effectively cross-examine Darlene Bates; (3) failure to effectively utilize testimony of Stacie Breeden; (4) failure to cross-examine witnesses about criminal history; and (5) failure to object to testimony of Ranger Hicks. To prevail on a claim of ineffective assistance of counsel, a petitioner must show: (1) counsel's performance fell below an objective standard of reasonableness and (2) the deficient performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

*Failure to Object to Evidence of Criminal History*

Petitioner states counsel was ineffective for failing to object to evidence of his criminal history. The jury heard a recording in which petitioner admitted to having served 17 and one-half years in prison. The jury had previously heard a reference to petitioner having been in prison. Counsel objected to this reference and the court instructed the jury to disregard it. Counsel did not object to the second statement about petitioner having been incarcerated.

The prosecution and defense had previously reviewed the recording and, pursuant to a pretrial ruling, marked portions of the recording that would not be played for the jury. Defense counsel did not mark the portion of the recording where petitioner stated he had previously served 17 and one-half years in jail.

The magistrate judge concluded that while it would have been reasonable trial strategy for counsel not to object to the second reference to petitioner having spent time in prison, there would have been no strategic reason for the portion of the recording containing this reference not to have been marked for exclusion. The magistrate judge also concluded petitioner failed to demonstrate counsel's performance resulted in prejudice. This conclusion was based on: (a) the court having instructed the jury to disregard the first reference to petitioner spending time in prison and (b) the additional evidence introduced against petitioner, which the intermediate appellate court described as substantial. *Butcher v. State*, No. 12-18-00349-CR, 2019 WL 5656496, at *4 (Tex.App.-Tyler Oct. 31, 2019).

Petitioner objects to the conclusion regarding prejudice. He asserts that the introduction of extraneous offense evidence is inherently prejudicial, particularly as the jury was not told to disregard the second reference to petitioner's criminal history.

The court agrees with the conclusion of the magistrate judge on this point. As described in the opinion of the intermediate appellate court, a portion of which is quoted in the Report and Recommendation, the evidence introduced regarding petitioner's guilt was substantial. Moreover, it is likely the jury would have thought the court's instruction to disregard the first reference to

petitioner's having been in prison would have applied to the second reference as well. As a result, there is not a reasonable probability the result of the proceeding would have been different if the jury had not heard the second reference to petitioner having been incarcerated. *Strickland*, 466 U.S. at 694 (to demonstrate prejudice a petitioner must show there is a reasonable probability that but for counsel's error, the result of the proceeding would have been different).

*Cross-Examination of Darlene Bates*

The victim's mother, Darlene Bates, testified at trial. She initially failed to accurately describe the victim's shotgun, which was used to shoot the victim, and mistakenly identified a toiletry bag as belonging to the victim (#2 at 19-20).

Petitioner argues counsel should have cross-examined Ms. Bates about her identifications. In connection with petitioner's state application for writ of habeas corpus, counsel submitted an affidavit stating he did not spend time cross-examining Ms Bates because he considered her testimony to be of little consequence and he did not want to appear overly critical of a grieving mother (#11-11 at 12).

The magistrate judge observed that the victim's DNA was found on the shotgun, rendering Ms. Bates's failure to initially accurately describe the shotgun of less importance. The magistrate judge also stated the toiletry bag was not a critical piece of evidence. Based on these two points, the magistrate judge concluded the failure to more aggressively cross-examine Ms. Bates did not fall below an objective standard of reasonableness or result in prejudice. In his objections, petitioner asserts the Report and Recommendation fails to recognize the importance of Ms. Bates's testimony which, left unimpeached, allowed the jury to accept her identifications as accurate.

The DNA found on the shotgun constituted strong evidence that it belonged to the victim. In addition, the court agrees that the identification of the toiletry bag was not critical to the prosecution's case. Counsel's determination that it would be better not to aggressively cross-examine the victim's mother because the jury might react badly to it therefore did not fall below an objective standard of reasonableness. In addition, given the additional evidence against

3

petitioner, there is not a reasonable probability the result of the proceeding would have been different if Ms. Bates had been questioned more aggressively.

### *Testimony of Stacie Breeden*

In her testimony, Stacie Breeden failed to identify a knife recovered by law enforcement as belonging to petitioner (#2 at 32). Petitioner contends counsel should have emphasized this point in closing argument, and that the failure to emphasize the point allowed the prosecution to argue the knife belonged to petitioner.

The magistrate judge concluded that as Ms. Breeden failed to identify the knife as belonging to petitioner and was not asked to identify the knife, it was reasonable for counsel to not raise this point during closing argument. The magistrate judge further stated that while the prosecutor argued the knife belonged to petitioner, the identification was based on the knife fitting a sheath owned by petitioner rather than it being identified by Ms. Breeden. Petitioner objects, arguing the testimony of Ms. Breeden was more important than acknowledged in the Report and Recommendation.

The court agrees with the conclusion of the magistrate judge. The Report and Recommendation correctly stated that Ms. Breeden was never shown the knife or a picture of it and was therefore not asked to identify it. As Ms. Breeden was not asked to identify the knife, it was reasonable for counsel not to mention any lack of identification during his closing argument. In addition, while the prosecutor did argue that petitioner owned a knife, the argument was not based on Ms. Breeden's identification of the knife. Based on the foregoing, counsel's failure to mention Ms. Breeden's failure to identify the knife during closing argument did not fall below an objective standard of reasonableness. Nor did it result in prejudice.

### *The Remaining Grounds for Review*

In the Report and Recommendation, the parties were informed that under Local Rule CV-72(c), objections to a Report and Recommendation may not exceed 8 pages (#14 at 14). The objections filed by petitioner are 17 pages in length and petitioner did not seek leave to file

objections which exceed the applicable page limitations. Petitioner's objections to grounds for review 4 and 5 are set forth on pages 10-14. As petitioner did not seek leave to exceed the applicable page limitations, the court will consider grounds 4 and 5 to be unobjected-to.

## ORDER

Accordingly, the objections filed by petitioner (#15) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge (#14) is **ADOPTED**. A final judgment will be entered denying the petition.

Furthermore, petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a final judgment denying habeas relief may not proceed unless a certificate of appealability is issued. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues raised in the petition are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issue of whether his grounds for review are meritorious is subject to debate amongst jurists of reason. The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Thus, a certificate of appealability will not be issued.

SIGNED at Beaumont, Texas, this 12th day of September, 2025.

                                                MARCIA A. CRONE
                                        UNITED STATES DISTRICT JUDGE